# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# ASHLAND

Civil Action No. 17-135-HRW

METROPOLITAN PROPERTY & CASUALTY
INSURANCE COMPANY,                                                                  PLAINTIFF,

v.                          **MEMORANDUM OPINION AND ORDER**

JOHNNY E. BOLIN,                                                                     DEFENDANT.


This matter is before the Court upon Defendant Johnny E. Bolin's Motion for a More Definite Statement [Docket No. 6]. Plaintiff has responded to the motion [Docket No. 7]. For the reasons set forth herein, the Court will overrule the motion.

### I.

On November 26, 2016, certain property at 2224 Jones Creek Road in West Liberty, Kentucky was destroyed by fire [Complaint, Docket No. 1, ¶ 3].

Plaintiff Metropolitan Property and Casualty Insurance Company ("Metropolitan") issued a Homeowners Insurance Policy, Policy No. 4880443700, with a renewal, issued to Named Insured Johnny Bolin, with an effective policy term of December 9, 2015 to December 9, 2016. *Id.* at ¶ 8.

Following the fire, Bolin made a claim pursuant to the policy. *Id.* at ¶ 12.

Subsequently, on December 22, 2017. Metropolitan filed this civil action. In its Complaint for Declaratory Judgment, Metropolitan alleged that there may be no coverage, or only limited coverage, under the Policy to the extent that Bolin may have (1) not had an insurable

interest in the property, (2) breached the Policy, (3) failed to cooperate in the investigation of the claim, and/or (4) concealed or misrepresented material facts.

In response to the Complaint, Bolin filed a motion, pursuant to Fed.R.Civ.Proc. 12(e), seeking a more definite statement of the claims alleged.

## II.

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed.R.Civ.Proc. 12(e).

Rule 12(e) must be read in conjunction with Rule 8 which sets forth the general rules of pleading in federal civil actions. Rule 8(a)(2) requires only notice pleading. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). A complaint need only provide "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Thus, to satisfy the pleading requirements a claimant need only give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal citation omitted).

In view of the great liberality of Rule 8, permitting notice pleading, Rule 12(e) should be called upon only to correct abject unintelligibility in a pleading, not merely a claimed lack of detail. Accordingly, a "motion for more definite statement is designed to strike at unintelligibility rather

2

than simple want of detail.... [It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." *Schwable v. Coates*, 2005 WL 2002360, at *1 (N.D.Ohio 2005), *see also SKY Technology Partners, LLC v. Midwest Research Institute*, 125 F.Supp.2d 286, 298 (S.D.Ohio 2000) (A "motion for more definite statement is granted only when the pleading is so vague that it is unreasonable to expect that a responsive pleading may or can be framed").

Federal courts generally disfavor motions for more definite statements and motions for the same are addressed to the discretion of the court. In view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant such motions. *See, e.g., Communities for Equity v. Michigan High School Athletic Ass'n*, 26 F.Supp.2d 1001, 1009 n. 9 (W.D.Mich.1998); *Static Control Components, Inc. v. Lexmark Intern., Inc.*, 2005 WL 2122641, *1 (E.D.Ky.2005); *Schwable*, 2005 WL 2002360 at *1 (N.D.Ohio 2005).

As noted by Justice Clarence Thomas of the United States Supreme Court, the simplified notice pleading standard of Rule 8(a) relies on "liberal discovery rules and summary judgment motions" rather than on technical forms of pleading. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

### III.

In seeking a "more definite statement," Defendant points to the pertinent portions of the Complaint:

> "Pursuant to the terms, provisions, conditions, exclusions and endorsements of the Homeowners Insurance Policy...there may be no coverage and/or limited coverage for some or all of the claims of Defendant herein...insofar as Defendant **may** not have been the owner of the property claimed at issue, **may** not have had an insurable interest in said property, and/or was not the proper party in interest to pursue said claims; insofar as Defendant **may** have breached the Policy and/or failed to comply with conditions precedent to pursuing a claim or suit under said

3

> Homeowners Policy; insofar as Defendant **may** not have fully complied with all policy terms, including but not limited to the Policy Conditions…fully cooperated in the investigation…, failed to prepare an appropriate inventory of the claimed loss, failed to timely submit a signed sworn proof of loss pursuant to the policy terms; insofar as Defendant **may** have concealed or misrepresented any material fact or circumstance or made any material false statement or engaged in fraudulent conduct affecting any matter relating to this insurance or any loss for which overage is sought, whether before or after that loss."

Docket No. 1, ¶¶ 12-14 (emphasis added).

Defendant contends that the Complaint fails to allege any wrongdoing or misconduct on his part. It appears that Defendant misconstrues the nature of a Complaint for Declaratory Judgment. The Federal Declaratory Judgment Act, 28 U.S.C. §2201, gives federal courts the authority to declare the respective rights and obligations of the parties without granting coercive relief. 28 U.S.C. § 2201. Therefore, the "*j'accuse!*" moment Defendant seeks has no place in this civil action where Metropolitan is only seeking to determine its obligations under the policy issued to Bolin.

In its Complaint, Metropolitan alleges that Bolin may not have had an insurable interest in the subject property, may have failed to cooperate in the investigation of the claim, and/or may have concealed or misrepresented facts. Those allegations, particularly when taken in conjunction with the provisions of the Policy quoted in the Complaint, provide ample notice as to the claims in this action. Therefore, Bolin has sufficient notice of the claims and allegations to file an Answer in response to the Complaint.

The undersigned shares Defendant's desire for more details. However, the tools of discovery can be invoked to further flesh out the allegations of the Complaint. In light of the opportunity for extensive pretrial discovery, a motion for a more definite statement should not be

4

used a substitute for discovery. *See generally, Innovative Digital Equipment, Inc. v. Quantum Tech. Inc.,* 597 F. Supp. 983, 989 (N.D. Ohio, 1984).

## IV.

Metropolitan's Complaint for Declaratory Judgment properly contains a short and plain statement of the claim showing that it is entitled to relief. However, the Complaint is not so vague or ambiguous that Bolin cannot reasonably prepare a response.

Accordingly, **IT IS HEREBY ORDERED** Defendant Johnny E. Bolin's Motion for a More Definite Statement [Docket No. 6] be **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant respond to the Complaint within **TWENTY (20) DAYS** of entry of this Order.

This 8th day of March, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge